IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Sumter County School District 17 | ) | DOCKET NO: 3:07-CV-01357-JFA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ANSWER AND COUNTERCLAIM |
| | ) | OF DEFENDANTS JOSEPH |
| Joseph Heffernan and May Baird, on | ) | HEFFERNAN AND MAY |
| behalf of their son, T.H. | ) | BAIRD, ON BEHALF OF THEIR |
| | ) | SON, T.H. |
| Defendant(s). | ) | |
| | ) | |

COME NOW JOSEPH HEFFERNAN and, MAY BAIRD, on behalf of their son, T.H., and respond to Plaintiff's Complaint as follows:

### FIRST DEFENSE

The Plaintiff's Complaint is barred by the applicable statute of limitations, with the result that the relief requested in Plaintiff's Complaint should be denied.

### SECOND DEFENSE

Plaintiff's claims are barred by the doctrines of estoppel, latches, and/or waiver, with the result that the recovery sought in Plaintiff's Complaint should be denied.

### THIRD DEFENSE

The Plaintiff failed to perfect service on the Defendants within the period prescribed by the applicable Statute of Limitations with the result that its recovery sought in Plaintiff's Complaint should be denied.

## FOURTH DEFENSE

Defendants respond to the individually numbered paragraphs of Plaintiff's Complaint as follows:

1.     Upon information and belief, the allegations contained in Paragraph 1 of the Plaintiff's Complaint are admitted.

2.     The allegations contained in Paragraph 2 of the Plaintiff's Complaint are admitted.

3.     Responding to the allegations contained in Paragraph 3 of the Plaintiff's Complaint, subject to the affirmative defenses set forth above, Defendants admit that this Court has jurisdiction over this matter.  The remaining allegations contained in Paragraph 3 of the Plaintiff's Complaint are denied as stated.

4.     The allegations contained in Paragraph 4 of the Plaintiff's Complaint are admitted.

5.     The allegations contained in Paragraph 5 of the Plaintiff's Complaint are admitted.

6.     Responding to the allegations contained in Paragraph 6 of the Plaintiff's Complaint, these Defendants state that the IEPs referenced in Paragraph 6 speak for themselves, and to the extent the allegations contained in Paragraph 6 of the Plaintiff's Complaint misstate or otherwise misrepresent what is set forth in those IEPs, those allegations are expressly denied.

7.     Responding to the allegations contained in Paragraph 7 of the Plaintiff's Complaint, these Defendants state that the IEPs referenced in Paragraph 7 speak for themselves, and to the extent the allegations contained in Paragraph 7 of the Plaintiffs Complaint misstate or otherwise alter what is set forth in those IEPs, those allegations are expressly denied.

8.     The allegations contained in Paragraph 8 of the Plaintiff's Complaint are denied as stated.

9.     Responding to the allegations contained in Paragraph 9 of the Plaintiff's

2

Complaint, these Defendants admit that they did not return T.H. to Bates Middle School upon receiving information from the school district's consultant that T.H. had been mistreated by the teacher in T.H.'s classroom. The remaining allegations contained in Paragraph 9 of the Plaintiff's Complaint are denied as stated.

10.     Responding to the allegations contained in Paragraph 10 of the Plaintiff's Complaint, these Defendants state that the parents Request for Due Process speaks for itself, and to the extent the allegations contained in Paragraph 10 misstate or otherwise misrepresent the Request for Due Process, those allegations are expressly denied.

11.     Responding to the allegations contained in Paragraph 11 of the Plaintiff's Complaint, parents admit that, prior to the due process hearing, the district had informed the parents orally that some compensatory services may be due to T.H. The remaining allegations contained in Paragraph 11 of the Plaintiff's Complaint are denied as stated.

12.     The allegations contained in Paragraph 12 of the Plaintiff's Complaint are admitted.

13.     Responding to the allegations contained in Paragraph 13 of Plaintiff's Complaint, Defendants state that the administrative record speaks for itself, and to the extent the allegations contained in Paragraph 13 of the Plaintiff's Complaint misstate or otherwise misrepresent that order, those allegations are expressly denied.

14.     Responding to the allegations contained in Paragraph 14 of the Plaintiff's Complaint, Defendants state that the order of the LHO speaks for itself, and to the extent the allegations contained in Paragraph 14 of the Plaintiff's Complaint misstate or otherwise misrepresent that order, those allegations are expressly denied.

15.     Responding to the allegations contained in Paragraph 15 of the Plaintiff's

3

Complaint, the Defendants state that the appeal of the LHO's decision to the State Department of Education Review Officer speaks for itself, and to the extent the allegations contained in Paragraph 15 misstate or otherwise misrepresent what is set forth in that appeal, those allegations are expressly denied.

16.     Responding to the allegations contained in Paragraph 16 of Plaintiff's Complaint, Defendants state that the administrative record speaks for itself, and to the extent the allegations contained in Paragraph 13 of the Plaintiff's Complaint misstate or otherwise misrepresent that order, those allegations are expressly denied.  To the extent these allegations are meant to imply that the SRO did not make an adequate examination of the record or otherwise improperly rendered his decision, these allegations are denied.  Responding further, Defendants note that the SRO Decision is more than amply supported with citations to the record and case law.

17.     Responding to the allegations contained in Paragraph 17 of the Plaintiff's Complaint, these Defendants state that the SRO's order of February 12, 2007 speaks for itself, and to the extent the allegations contained in Paragraph 17 misstate or otherwise misrepresent what is set forth in that order, those allegations are expressly denied.  Responding further, Defendants would offer additional significant findings and conclusion of law by the SRO that were omitted by Plaintiff:

    a.    "A full review of the record establishes that the District did not implement ABA therapy.  There was ample evidence presented at the hearing of a lack of appropriate controls, as well as a seeming lack of awareness of key components of ABA therapy at [the school].  The testimony of Ms. Painter, Ms. Keeney, and Student's mother -- all of whom are certified behavioral analysts -- consistently paints a picture of a lack of effective

4

and structured ABA therapy at [the school] and the current lack of capability there to meet the requirements of Student's IEP." SRO Decision at p. 5.

b.   "As noted by the LHO, the District fell short in 'the most important part' of Student's IEP, namely the provision of ABA therapy, there could be no FAPE in this situation.  The IEP called for such therapy for 27 1/2 hours per week, which is the vast majority of the school week.  Student received no ABA therapy.  Since the District provided no ABA therapy, the few hours per week spent on other activities and services simply could not have resulted in a FAPE under any reasonable reading of the Record." SRO Decision at p.8 (citations omitted).

c.   "The LHO predicted that the [autism consultant's] involvement would remedy the situation.  There are two problems with this conclusion.  First, the Carter-Burlington analysis does not look towards the future ability to provide a FAPE, but, rather, whether one has been denied.  Second, it is unclear whether the May South involvement, which is undefined and apparently left solely to the discretion of the District, will in fact provide the training, supervision and consultative services necessary to establish and maintain effective ABA therapy capabilities at [the school].  It imposes too much on Parents to *disprove* what might occur *if* the District acts differently than it has." SRO Decision at p. 11 (emphasis in original) (citations omitted); and "Student's mother provided [ ] testimony regarding the current placement for Student and the placement requested through

5

these proceedings.  Student's mother is a board-certified behavioral analyst who, as a consultant, designs programs for children with autism.  She testified as to the services currently provided to Student by an experienced line therapist, the fact than an ABLLS has been conducted, that Student has opportunities to interact with other children, that protections are in place to avoid dietary accidents, and that Student has made improvement in terms of educational progress (i.e. that he is learning more) as well as in terms of his behavior.  Student currently is not harming himself as he indisputably did while enrolled at Bates.  A review of the testimony of Student's mother establishes a keen awareness of the educational needs of a child with Student's special needs and a commitment to meet those needs, including the need for interaction with peers and a commitment to providing the same.  Petitioners have met their burden of showing that the current placement is providing an educational benefit to Student and that the services they seek to provide are reasonably calculated to enable Student to receive educational benefits as required by Rowley." SRO Decision at p. 19 (citations omitted).

18.     Responding to the allegations contained in Paragraph 18 of the Plaintiff's Complaint, these Defendants state that the SRO's order of February 12, 2007 speaks for itself, and to the extent the allegations contained in Paragraph 18 misstate or otherwise misrepresent what is set forth in that order, those allegations are expressly denied.  The remaining allegations contained in Paragraph 18 of the Plaintiff's complaint are denied.

19.     The allegations contained in Paragraph 19 of the Plaintiff's Complaint are denied.

20.    Upon information and belief, the allegations contained in Paragraph 20 of the Plaintiff's Complaint are admitted.

21.    The allegations contained in Paragraph 21 of the Plaintiff's Complaint are denied.

22.    Responding to the allegations contained Paragraph 22 of the Plaintiff's Complaint, these Defendants incorporate by reference their responses to Paragraphs 1 though 21 of the Plaintiff's Complaint as if the same were fully set forth herein.

23.    Paragraph 23 of the Complaint calls for a legal conclusion to which no response is required.  To the extent a response is required, the allegations are denied.

24.    Any allegation of the Plaintiff's Complaint which has not been specifically admitted, or otherwise addresses above, is expressly denied.

## COUNTERCLAIM

Come now Defendants, Joseph Heffernan and May Baird, on behalf of their son, T.H., and presents its counterclaim against Plaintiffs as follows:

1.    This counterclaim is brought by Defendants and seeks reasonable attorneys fees pursuant to the *Individuals with Disabilities Education Act* (IDEA), 20 U.S.C. §1400 et seq.

2.    This Court has jurisdiction over this counterclaim pursuant to, §20 U.S.C. 14,15(h)(3).

3.    Joseph Heffernan and May Baird are the parents of a child with disabilities, T.H., who resided with Mr. Heffernan and Ms. Baird in Sumter County, South Carolina, during the time of the action giving rise to this Complaint.

4.    Sumter County School District 17 (hereinafter "Plaintiff") is an entity established by the laws of the State of South Carolina with the responsibility of providing education including special education, to disabled children residing in Sumter County, South Carolina.

7

Sumter County School District 17 receives Federal funds from the United States Department of Education pursuant to IDEA.

5.    On or about October 30, 2006, Defendants requested a due process hearing from the South Carolina Department of Education to resolve disputed issues between themselves and Sumter County School District 17 concerning the provision of Special Education services to T.H.

6.    R. Michael Ethridge and Kelly J. Leventis, attorneys with the law firm of Carlock, Copeland, Semler and Stair, LLP, represented the Defendants in this action for due process.

7.    In the Defendants' request for due process, the Defendants alleged that the Plaintiff School Board had failed to provide a free and appropriate public education to T.H., and as a result T.H. was entitled to compensatory educational services and furthermore by virtue of the School District's inability to provide the appropriate Applied Behavioral Analysis Therapy called for in T.H.'s IEP, that the School District should provide home-based services for T.H.

8.    Following an unsuccessful mediation/resolution session, a due process hearing was held on December 5 and December 6, 2006.

9.    On or about December 18, 2006, the Local Due Process Hearing Officer, Carl A. Ellsworth, issued a Notice of Decision and Decision in which the hearing officer ruled that the Plaintiff School District had failed to provide T.H. with a free and appropriate public education and furthermore that compensatory services were owed as a result of this failure. The local Hearing Officer, however, denied Defendant parents' request that the School District provide home-based services for T.H.

10.    Under South Carolina's two tiered due process system, following the issuance of the Notice of Decision by the Local Hearing Officer, the Defendant parents filed a timely appeal

to the State Department of Education Review Officer in which they appealed the decision of the Local Hearing Officer's denial of the parents' request for home-based services.

11.     On or about February 12, 2007, the Administrative State Review Officer issued a decision in which he granted the parents' appeal, reverted to the decision of the Local Hearing Officer, and ruled that the School District was obligated to provide home-based services for T.H.

12.     At the due process hearing held on December 5 and 6, 2006, attorneys for Defendants proffered, on the record, evidence forming the basis of their claim for attorneys' fees.

13.     Defendant parents, again through counsel, requested attorneys' fees from the Sumter School District 17 in a letter dated June 29, 2007.

14.     The only response made by Sumter School District 17 to this request for attorneys' fees was a statement that said request was inappropriate due to the current action which had been filed in Federal District Court.

15.     Defendants, as the prevailing party under the Individual with Disabilities Educational Acts are entitled to an award of attorneys' fees and costs for legal representation.

16.     Defendants pray for the following relief:

1.     That the relief sought by Plaintiffs be denied in its entirety.

2.     That, pursuant to the *Individuals with Disabilities Educational Act*, this Court award Defendants reasonable attorneys' fees and costs in an amount to be proven at trial or hearing, as well as the attorneys' fees and cost for the representation in the current action.

3.     Any additional relief which this Court deems appropriate.

9

Respectfully submitted,

CARLOCK, COPELAND, SEMLER & STAIR, LLP

By:s/R. MICHAEL ETHRIDGE

R. MICHAEL ETHRIDGE

Federal Bar No.: 7497

134 Meeting Street, Suite 500    LENNA S. KIRCHNER

Charleston, SC  29401-3001    Federal Bar No.:  9316

843-727-0307

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing document upon all parties to this matter via electronic mail and by depositing a true coy of same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows:

Andrea White, Esq.
Duff & White, LLC
P.O. Box 1486
Columbia, SC 29202
awhite@ddtwb.com

Meredith Lee Seibert, Esq.
Duff & White, LLC
P. O. Box 1486
Columbia, SC  29202
mlseibert@ddtwb.com

This 5th day of September, 2007.


_____
Sarah Ellen Wardell
Legal Assistant

11

2127209v.1